Statement of the case.

HENRY EVANS *v.* LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY CO.

RAILROADS. *Negligence. Fellow-servant. Engineer and brakeman. Const.* 1890, ?193.

A railroad company is not liable for injury to a brakeman resulting from negligence of the engineer, who, after signaling for brakes, caused a sudden start of the train, while the brakeman was applying the brakes in obedience to the signal. While thus engaged in their routine duties in the operation of the train, the engineer is not "the superior agent or officer," or "person having the right to control or direct the services" of the brakeman, within the meaning of ? 193, constitution 1890, regulating the liability of railroad companies for injuries to employes.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

Action by Henry Evans against the Louisville, New Orleans & Texas Railway Company to recover damages for personal injuries. The court sustained defendant's motion to exclude plaintiff's testimony, and, from a judgment for defendant, plaintiff appeals. The case is stated in the opinion.

That part of § 193, constitution 1890, involved on this appeal, is as follows: "Every employe of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the act or omission of said corporation or its employes as are allowed by law to other persons not employes, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow-servant engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work."

*Magruder & Bryson*, for appellant.

1. The engineer was the superior officer or agent of the brakeman within the meaning of § 193 of the constitution. The authority is not limited to any class. It means more than the power to control. It embraces all the cases where the right exists to direct the services of another. We admit that, as to many things, the engineer and brakeman perform their duties independently, under general rules incident to their service; but, in the matter of putting on and taking off brakes, the brakeman is under the absolute control and authority of the engineer, and the latter's orders are imperative. It is immaterial that they are communicated by signals. They are as much orders as if spoken or communicated by telegram. In fact, when the injury was sustained the brakeman was obeying orders. The injury was caused by the negligence of the engineer in omitting the signal which it was his duty to give. It is not necessary, to fix a liability upon the company in this case, to hold that the authority of the engineer over the brakeman extends to all the duties of the latter. A servant, as to some matters, may be under the control of one officer, and as to others under another officer. What we contend for is that, in the special matter of operating the train, and the use of appliances for this purpose, the engineer is responsible and has control. The case of *Railway* v. *Ramsey*, relied on by appellee, is not authority in this case, because our statute expressly declares the rule as to fellow-servants, where one injured is under the control of another as to any particular service, and it is not necessary that the extent of the authority makes the latter a vice-principal. Again, that decision follows the rule adopted in Ohio, which holds the conductor to be a vice-principal, and holds that the brakeman and engineer both act under general rules of the company, which give significance to signals, and that when a signal is given the rule of the company is obeyed, not the authority of the engineer. We submit that the absurdity of this reasoning is patent. In *Railroad Co.* v. *Wheless*, 10 Lea,

741, which is also relied on by appellee, the decision was placed upon the ground that it did not appear that the engineer gave any order or direction to the brakeman at the time he was injured; and the same reasoning is applied in many other cases. The company is liable under statutes like ours, and in cases similar to this. See *Railroad Co.* v. *Jones*, 92 Ala., 219; *Railroad Co.* v. *Wilmer*, 11 So. Rep., 887.

*Mayes & Harris*, for appellee.

The engineer has nothing to do with the employment or discharge of the brakeman. He can report any failure of duty, and so can the brakeman report a failure on the part of the engineer. The duties of both are prescribed by the company. The failure of a brakeman to respond to a signal from the engineer is a breach of a duty to the company, not to the engineer. In the operation of the train they must, through necessity, communicate with each other. If they are not fellow-servants, in such sense that the negligence of one in regard to the other imposes no liability upon the company, then the rule has been practically abolished. The right to control and direct services must embrace supervision. It implies superiority. See *Railway Co.* v. *Ramsey*, 5 Am. & Eng. R. R. Cases, 533.

Argued orally by *L. W. Magruder*, for appellant, and *J. B. Harris*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The question presented is, has the plaintiff a right to recover for the injury sustained because of the negligence of the engineer, by reason of the change made in our law by § 193 of the constitution of 1890? The plaintiff was a brakeman, and was injured by the negligence of the engineer, who had signaled for brakes, and, while they were being applied in pursuance of the signal, caused a movement of the train,

without proper warning, whereby the plaintiff was hurt. It was not designed by the constitution to *abrogate* the rule of law applicable to fellow-servants in a common employment, but to *modify* it as expressed in § 193; and unless this case falls within the specifications of that section, there can be no recovery. The claim is that the engineer was the *superior agent or officer, or person having the right to control or direct the services of the party injured.* This is not predicable of the relation between the engineer and brakeman, in the performance of the ordinary duties prescribed for them respectively by the rules of the company, and the nature of the service. As to these the relation of superior and subordinate does not exist, but they are co-equal—co-ordinate co-operators, each with a part to perform, like different members of the human body, each with appropriate functions, some of greater or less honor, it may be, but all necessary co-efficients in the complete whole. Neither can say to the other, "I have no need of thee," or claim superiority or right to control or direct the services of the other in obeying the rules prescribed for and obligatory on all alike. Their relation is correlative. They have reciprocal duties, in enforcing the rules of the common superior for the successful operation of the train, and superiority or right to control, in the sense of the constitution, cannot be affirmed of them. The constitutional provision has reference to a superior agent or officer, of the sort well known as such, and any other person in the company's service, by whatever name, who may be intrusted with the right to control and direct the services of others, according to his discretion and judgment—one to whom is committed the direction or control of others, for the accomplishment of some end dependent on his independent orders, born of the occasion, sprung from him as director, and not consisting of the mere execution of routine duties in pursuance of fixed rules by various employes, each charged with certain parts in the general performance. It may be that under some circumstances the engineer may be the superior of the brakeman, in

the meaning of the constitution, but in the operation of the train, in accordance with rules, one is no more superior than the other, and they are not within the rule established by the constitution. To hold that they are, would, by interpretation, so enlarge the constitutional provision as to sweep away entirely the rule as to fellow-servants as existing before, in the face of the incontrovertible fact that the purpose of the framers of the constitution was, not to abrogate, but to modify to a certain extent, carefully expressed in § 193: Even with our view, there is not much of the formerly existing rule left, and if the engineer and brakemen on a train, in the execution of their ordinary functions, as prescribed for them, are not subject to its operation, we do not know to whom or in what case it could apply.

*Affirmed.*