## FENWICK v. ILLINOIS CENT. R. CO.

(Circuit Court of Appeals, Fifth Circuit. February 28, 1900.)

No. 861.

1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT—ABROGATION OF COMMON-LAW RULE.

Const. Miss. § 193 (Ann. Code Miss. 1892, § 3559), providing that every employé of a railroad corporation shall have the same rights and remedies for an injury caused by the act or omission of the corporation or its employés as are allowed by law to others not employés, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured, does not abrogate the common-law rule as to the liability of the master for the negligence of a fellow servant, but merely modifies the rule when the injury results from the negligence of a "superior agent or officer," or of "a person having the right to control or direct the services of the party injured."

2. SAME—SUPERIOR OFFICER OR AGENT.

Plaintiff, who was one of a switching crew of defendant railroad company, whose business it was to distribute cars on the various tracks in the yard, to make up the trains, was injured by the negligence of a member of the crew whom the yard master had appointed foreman for the night of the accident, and to whom he gave the switch list. It appeared that such foreman merely called out the track on which a car was to be switched, as fixed by usage or by the switch list, and had no authority to command the switchmen to pursue any particular line of action, and that he was of the same rank in the service as the others of the crew, and neither employed nor had power to discharge them. *Held,* that such foreman was not a "superior agent or officer," or a "person having the right to control or direct" plaintiff, within Const. Miss. § 193 (Ann. Code Miss. 1892, § 3559), so as to render defendant liable for plaintiff's injuries.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

Marcellus Green (S. S. Calhoon and P. E. Quin, on the brief), for plaintiff in error.

J. B. Harris (Edward Mayes and J. M. Dickinson, on the brief), for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. Joseph Fenwick, the plaintiff, was injured while in the employment of the defendant. He alleged that

the injury was caused by the negligence of Frank Puckett, who was also a servant of the defendant. Puckett, Hughes, Fredericks, and the plaintiff constituted the switch crew in defendant's yard at McComb City, Miss. Sullivan was the yard master, and, on the night that the injury occurred, Frank Puckett was acting as foreman of the switch crew. In the absence of statutes or constitutional provisions controlling the case, it is conceded that the plaintiff could not recover, because the employer would not be responsible to the plaintiff for an injury caused by the negligence of a fellow servant. Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; Railroad Co. v. Keegan, 160 U. S. 259, 16 Sup. Ct. 269, 40 L. Ed. 418. The plaintiff's contention is that the defendant is made liable by section 193 of the constitution of Mississippi adopted in 1890, which provision is also embraced in a statute. Ann. Code Miss. 1892, § 3559. The part of the section relied on is as follows:

"Every employé of a railroad corporation shall have the same rights and remedies for an injury suffered by him from the act or omission of the corporation or its employés as are allowed by law to other persons not employés, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured."

It was clearly not the intention of the makers of the constitution or the legislature to entirely abrogate the common law relating to negligence of fellow servants. It is only modified. The rule is only changed when the injury results from the negligence of a "superior agent or officer," or of "a person having the right to control or direct the services of the party injured." In the case of Evans v. Railway Co., 70 Miss. 527, 12 South. 581, a brakeman was injured by the alleged negligence of an engineer, and the cited constitutional provision was relied on by the plaintiff. The opinion of the court was delivered by Chief Justice Campbell, and the point decided is well stated in the headnote:

"A railroad company is not liable for injury to a brakeman resulting from negligence of the engineer, who, after signaling for brakes, caused a sudden start of the train while the brakeman was applying the brakes in obedience to the signal. While thus engaged in their routine duties in the operation of the train, the engineer is not 'the superior agent or officer,' or 'person having the right to control or direct the services' of the brakeman, within the meaning of section 193, Const. 1890, regulating the liability of railroad companies for injuries to employés."

In the course of the opinion in Evans v. Railway Co., supra, the court said:

"The constitutional provision has reference to a superior agent or officer, of the sort well known as such, and any other person in the company's service, by whatever name, who may be intrusted with the right to control and ·direct the services of others according to his discretion and judgment,—one to whom is committed the direction or control of others, for the accomplishment of some end dependent on his independent orders, born of the occasion, sprung from him as director, and not consisting of the mere execution of routine duties in pursuance of fixed rules by various employés, each charged with certain parts in the general performance. It may be that under some circumstances the engineer may be the superior of the brakeman, in the meaning of the constitution, but, in the operation of the train in accordance with rules, one is no more superior than the other, and they are not within the rule established

by the constitution. To hold that they are would, by interpretation, so enlarge the constitutional provision as to sweep away entirely the rule as to fellow servants as existing before, in the face of the incontrovertible fact that the purpose of the framers of the constitution was not to abrogate, but to modify to a certain extent, carefully expressed in section 193."

This construction of the statute in question seems to us decisive of this case. There is nothing in the later case of Railroad Co. v. Price, 72 Miss. 865–872, 18 South. 415, in conflict with Chief Justice Campbell's opinion. The business of the switch crew was to distribute the cars on the various tracks in order to make up the trains. One of the crew was called the "foreman." On the night in question, and for that occasion, the yard master, Sullivan, had appointed Puckett foreman. Puckett had the switch list, or written memorandum by which the crew switched the cars. This is furnished the crew by the yard master. There are five tracks in the yard, including the "lead" on which the cars were to be switched. On certain tracks designated cars were to be placed, and the men were engaged in that work. We do not find in the evidence that Puckett was employed to direct the services of the plaintiff according to his discretion and judgment. The crew were engaged in the performance of mere routine duties. The plaintiff and Puckett were of the same rank in the service: neither employed or could discharge the other; they received the same pay; and neither was superior to the other, in the sense that the one could exercise a discretion and judgment in controlling the actions of the other. When Puckett called out the track on which a car was switched, he had no authority to command the switchmen in the field to pursue any particular line of action. Just as it was Puckett's duty to pull the pin and call out the tracks, it was theirs to stop the cars. The cars were being placed by the crew pursuant to the usual course of the business. When Puckett called out, "Track No. 1," or "Lead," it was no command requiring the switchman in the field to do any act involving risk. It was the mere announcement of the place for the car as fixed by the usage or by the switch list. This service could have been performed by any one of the switchmen who was on the occasion furnished with the switch list. The call, "Lead," was a mere announcement of the place for the car, and not a command or direction based on the independent discretion and judgment of a superior agent. The evidence shows that the movements of the switch engine were controlled by certain signals given by one of the switchmen, but it could not be held that the switchman by reason of this duty was made the superior agent or officer, or was a person having the right to control the engineer, within the meaning of the statute. Under other circumstances a foreman of a crew might be an agent of the defendant, for whose negligence the defendant would be liable for injury to an employé. The name or title of the officer or agent is immaterial. We decide only that on the facts disclosed by the record the foreman did not, in reference to the services in which he and the plaintiff were engaged when the injury occurred, bear such relation to him as to make the employer responsible under the statute for his alleged negligence. Whether

or not there is any evidence in the case tending to show negligence by Puckett is one of the controverted questions presented for our decision. We do not think it necessary, however, to decide that question, as the construction given the statute is conclusive of the case. We think that the circuit court correctly directed a verdict for the defendant. The judgment of the circuit court is affirmed.