**JOHNSON v. INTERSTATE TRANSIT LINES.**

No. 3435.

Circuit Court of Appeals, Tenth Circuit.

Aug. 7, 1947.

---

O. K. Clay, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellant.

B. P. Leverich, of Salt Lake City, Utah (H. B. Thompson, A. U. Miner and M. J. Bronson, all of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Sylvan E. Johnson, instituted this action under the Declaratory Judgment Act [1] for a declaration establishing his seniority rights as an employee of Appellee, Interstate Transit Lines.[2] This is an appeal by him from the judgment of the trial court dismissing his action.

On March 9, 1942, appellant was employed by the Union Pacific Stage Company,[3] a corporation, and on the 10th day of March, was employed as a probationary bus driver, for a period of ninety days from March 10, 1942. The application blank which he signed at the time of his employment provided that, "When this Application Blank is properly filled out, the applicant may be allowed to enter the service On Probation, provided there is need for his services and he has passed a satisfactory examination, but it must be distinctly understood that before he can be considered an Accepted employe, the written approval of employing officials must be obtained * * *," and, "It is understood that the term of my employment is subject to the decision of the company and no permanent employment has been contracted for."

The probationary period extended for ninety days. During this period, the probationer could not become a regular employee, and could, during such time, be discharged without cause. At all times in question there was in effect a contract between the Company and the appropriate Labor Union providing that only Union Members could be employed as permanent employees. The contract provided that new employees who were eligible for membership in the Union should, within ninety days of their employment, become members of the Union and remain members thereof as a condition precedent to continued employment. They could not become members of the Union during the probationary period.

Appellant continued his probationary employment until and including June 2, 1942, when he was inducted into the military forces of the United States. Thus, at the time of his induction into the military forces, he lacked approximately four days of having completed his probationary period. Had appellant continued in his temporary employment as a probationary employee for the full ninety days, and had he then been accepted by and joined the Union, he would then have been entitled, under the established rules and practices in force, to be accepted as a regular employee, but not otherwise.

The Union contract with the Company also provided for seniority rights. Under the established rules and practices between the Union and the Company, seniority rights dated from the first day of the probationer's employment, if such employment resulted in permanent employment and membership in the Union at the end of such period.

Appellant was discharged from the Military forces November 2, 1945, and sought reemployment in his old position with the Company. He signed a new application November 8, 1945, as a probationer, served the ninety-day probationary period, then made application and was

---

[1] 28 U.S.C.A. § 400.
[2] Herein called the Company.
[3] Union Pacific Stage Company was the predecessor of Interstate.

accepted as a member of the Union and became a permanent employee.

Apparently sometime thereafter a controversy arose as to the time from which his seniority rights dated. Appellant thereafter instituted this action for a declaratory judgment establishing his seniority rights. His contention is that he is entitled to seniority from March 10, 1942, the time when he was first employed as a probationary employee, notwithstanding, that he did not become a permanent employee until he had completed his second probationary period after his return from the service, and had been, upon completion thereof, accepted as a permanent employee and had joined the Union.

The Company's contention, as outlined in its pleading, is that his seniority dates from November 8, 1945, the date on which he signed his second application and started the service of his second probationary period which resulted in his employment as a permanent employee and membership in the Union.

While a number of assignments of error are set out they all add up to this that the court erred in refusing to adopt appellant's construction of his seniority rights and erred in holding that there was no concrete issue presented to the Court for decision and that there was a defect of parties defendant.

Appellant's case is bottomed on the Selective Training and Service Act of 1940.[4] His position is that this Act protects not only the position he occupied when he entered the service, but also the seniority rights which he had at the time of his induction and consequent separation from his job. His position is that while he was in the service, his seniority continued to accumulate without interruption by virtue of such absence. This is the interpretation which has been placed upon the Act by the Supreme Court.[5]

The first question for consideration is did the complaint present a justiciable controversy of which the trial court might take cognizance?

■ Under Article 3, Section 2 of the Constitution, the jurisdiction of Federal Courts is limited to cases and controversies arising as defined therein.[6] Unless the issue presented constituted a controversy as that term is understood in the law, the court was without jurisdiction to enter a declaratory judgment because, under the Declaratory Judgment Act, it had jurisdiction only "in cases of actual controversy."

■ While there is some confusion in the decisions dealing with declaratory judgment actions as to what state of facts will give rise to such actions, in the main, the courts are in agreement as to the essential elements necessary to sustain such a cause of action. The conditions of the usual action, both procedural and substantive, must be present. Thus, the court must have jurisdiction of the parties and of the subject matter. There must be an actual controversy between the plaintiff and a defendant who asserts an adversary claim or threatens the invasion of the plaintiff's rights. In other words, the parties plaintiff and defendant must be the real parties in interest.

■ The essential distinction between a declaratory judgment action and the usual action is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action, but there must be. no uncertainty that the loss will occur or that the asserted

---

[4] 50 U.S.C.A.Appendix, § 308.

[5] See Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110.

[6] What is a case of controversy has been defined by the Supreme Court in Muskrat v. United States, 219 U.S. 346, 357, 31 S.Ct. 250, 254, 55 L.Ed. 246, as follows: "By cases and controversies are intended the claims of litigants brought before the courts for determination by such regular proceedings as are established by law or custom for the protection or enforcement of rights, or the prevention, redress, or punishment of wrongs. Whenever the claim of a party under the Constitution, laws, or treaties of the United States takes such a form that the judicial power is capable of acting upon it, then it has become a case. The term implies the existence of present or possible adverse parties, whose contentions are submitted to the court for adjudication."

right will be invaded. If that is clearly established, one may proceed under the Declaratory Judgment Act and need not await the actual happening of the event complained of.[7]

In Russian Commercial & Industrial Bank v. British Bank for Foreign Trade (I.L.L.) [1921] 2 A.C. 438, 448, the Court said: "The question must be a real and not a theoretical question; the person raising it must have a real interest to raise it; he must be able to secure a proper contradicter, that is to say, some one presently existing who has a true interest to oppose the declaration sought."

Washington University Law Quarterly, Vol. 26, 429, contains this statement: "Power to issue a declaratory judgment does not depend upon the immediacy of the threatened wrong, but the mere surmise of the plaintiff that some right adverse to his claims may be asserted is not enough to confer jurisdiction. If the plaintiff is merely in doubt as to his rights under the statute, without having had them challenged, the case is premature and not properly the subject of a declaratory judgment. Moreover, if no action is proposed or threatened or suggested by anyone who has a right to act, the plaintiff may not create an 'actual controversy' merely by taking a position and challenging the government to dispute it."[8]

■■ Appellant's complaint in this case fails to measure up to these requirements. It does not allege that he is threatened with loss of employment as a result of a denial of the seniority which he claims or that other employees wrongfully assert seniority superior to his or claim the right to employment which belongs to him. There is no allegation in the complaint that a "lay off" or transfer of employees

of the Company is imminent and that he will suffer irreparable loss unless his seniority rights are declared and established. The only reference to such a situation is contained in a statement by Mr. Thompson, the attorney for the Company, made at the conclusion of the hearing, as follows: "Let me inquire this if I may: The record has been fully made and very little to be added. Business is falling off with the defendant and we are having more drivers on what is known as the extra board, men who can serve only part time; consequently the defendant may be seriously prejudiced by delay." But even if this statement by the attorney for the Company can be considered as a part of the complaint or as a part of the facts before the court, it is insufficient to supply the necessary allegations to constitute a cause of action under the Declaratory Judgment Act. It does not appear whether the men who are faced with the possibility of a transfer to the extra board came in while appellant was in the service or after he returned. Neither is the statement that the "defendant may be prejudiced by delay" sufficient to satisfy the requirement that the occurrence of the loss must be definite and certain, and that only the exact time when it comes about may be in doubt.

■ But aside from that, there is another reason why the complaint fails to set out an actual controversy ripe for determination under the Declaratory Judgment Act. The real controversy which the court is asked to adjudicate is not between the appellant and the Company. It is of no particular concern to the Company whether appellant's seniority dates from the first day of his first application and probationary period, or from the first day

---

[7] A full discussion of the necessary elements of the Declaratory Judgment Action is found in "Declaratory Judgments" by Borchard, 2nd Edition, pp. 25 to 40.

[8] See, also, Minnesota v. Northern Securities Co., 184 U.S. 199, 22 S.Ct. 308, 46 L.Ed. 499; Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769; California v. Southern Pacific Co., 157 U.S. 229, 251, 15 S.Ct. 591, 39 L.Ed. 683; Angell v. Schram, 6 Cir., 109 F.2d 380; State of Texas v. Interstate Commerce Commission, 258 U.S. 158, 42 S.Ct. 261, 66 L.Ed. 531; Monahan v. Department of Water and Power, 48 Cal.App.2d 746, 120 P.2d 730; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Nashville C. & St. L. Ry. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191.

of the second application and second probationary period. But this question is of vital importance to those employees, if any, who came in while appellant was in the service. They are the ones who have rights antagonistic to those claimed by the appellant. The real and only justiciable controversy is between him and them, and they are not before the court. Neither is there any one before the court in this case with authority to represent them so that a judgment in the case would bind them.

As pointed out in Borchard, and in all the cases, the controversy must be between the plaintiff and the defendant who asserts an interest adverse to his. In the absence of such a situation, there is no justiciable controversy and the case must be characterized as one for an advisory opinion and as being academic rather than justiciable.

There is yet another reason why the judgment must be affirmed. It is generally held that the jurisdiction to render declaratory judgments, under Declaratory Judgment Acts, is discretionary in character and that whether such jurisdiction shall be entertained rests in the exercise of a sound judicial discretion by the trial court.

In Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 462, 65 S.Ct. 1384, 1390, 89 L.Ed. 1725, the Supreme Court said: "The declaratory judgment procedure may be resorted to only in the sound discretion of the Court and where the interests of justice will be advanced and an adequate and effective judgment may be rendered."

A good statement of the principle is also found in Petition of Kariher, 284 Pa. 455, 131 A. 265, 271, where the court said: " * * * in all jurisdictions where declaratory judgment practice obtains, the rule is established that it is a matter of judicial discretion whther or not jurisdiction will be taken to any particular case * * * and that jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between parties all of whom are sui juris and before the court, and that the declaration sought will be a practical help in ending the controversy." [9]

As already pointed out, those employees, if any, who came in while appellant was in the service, are the real parties in interest opposed to him. What appellant sought was a declaration of the court that he had seniority rights superior to their rights. They are not parties to the action and in their absence therefrom such a judgment would not bind them, and would lack that finality which entitles one to proceed under the Declaratory Judgment Act. Under these circumstances, the trial court did not abuse its discretion in refusing to entertain the action.

Affirmed.

MURRAH, Circuit Judge, concurs in the result.

[9] See, also, Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Creamery Package Mfg. Co. v. Cherry-Burrell Corp., et al., 3 Cir., 115 F.2d 980; Automotive Equipment Inc. v. Trico Products Corp., D. C., 11 F.Supp. 292; State Farm Mutual Automobile Ins. Co. v. Hugee, D.C., 32 F.Supp. 665; 4 Cir., 115 F.2d 298, 132 A.L.R. 188; Standard Accident Ins. Co., et al. v. Leslie, et al., D.C., 55 F. Supp. 134; Maryland Casualty Co. v. Consumers Finance Service Inc. of Pennsylvania, 3 Cir., 101 F.2d 514; Washington-Detroit Theater Company v. Moore, 249 Mich. 673, 229 N.W. 618, 68 A.L.R. 105; Henze v. City of Detroit, 250 Mich. 597, 231 N.W. 51; Newsum v. Interstate Realty Company, 152 Tenn. 302, 278 S.W. 56; Holly Sugar Corp. v. Fritzler, 42 Wyo. 446, 296 P. 206.