## FASH v. CLAYTON.
### Civ. No. 1303.

**District Court, D. New Mexico.**
June 18, 1948.

Gilbert & Gilbert, of Santa Fe, N. M., and Russell H. Clark, and Chas. L. Byron, both of Chicago, Ill., for plaintiff.

A. T. Hannett, of Albuquerque, N. M., and Charles M. Thomas, of Washington, D. C., for defendant.

BRATTON, Circuit Judge.

This is an action instituted by Ralph H. Fash against Benjamin Clayton, trading as Refining, Unincorporated. It is alleged in the complaint that plaintiff is a citizen of Texas; that defendant is a citizen of New Mexico; that in 1937, Letters Patent No. 2,100,274 issued for a process for refining oils; that defendant is the owner of such patent; that in 1944, Letters Patent No. 2,342,042 duly issued for a process for refining liquids; and that plaintiff is the owner of such patent. It is further alleged that in 1938 plaintiff entered into a certain agreement with Anderson, Clayton & Company in which plaintiff agreed to assign and did subsequently assign to such company his application for letters patent pending at that time which eventually issued as Patent No. 2,342,042; that plaintiff received as a consideration for the assignment a substantial interest in the profits to be derived from the exploitation of the patent by Anderson, Clayton & Company, and also received other valuable rights and considerations; that such agreement remained in force and effect and plaintiff continued to enjoy therefrom until 1946, when Anderson, Clayton & Company cancelled and terminated it and reassigned the patent to plaintiff, such company retaining to itself a free non-exclusive license for the practice of the method as disclosed in the patent in the business of the company as applied to the refining of glyceride oils; that the agreement was cancelled as the result of charges by the defendant that the refining of liquids as outlined in the plaintiff's patent infringed the defendant's patent, and of threats that the defendant would sue Anderson, Clayton & Company for such infringement; and that in such manner plaintiff was deprived of valuable rights and interests granted by the agreement. It is further alleged that in 1940, Anderson, Clayton & Company constructed at Abilene, Texas, a pilot plant for the refining of cottonseed oil in accordance with the plaintiff's patent, where the equipment was successfully operated under the supervision of plaintiff; that the plant continued in operation until 1944, at which time the equipment was dismantled and shipped to Torreon, Mexico, where it became a commercial installation and continued as such until 1946. It is further alleged that the defendant charged in the course of correspondence with plaintiff that the method of refining liquids as described in plaintiff's patent constitutes an infringement of defendant's patent; that defendant had threatened to sue plaintiff for infringement should he operate under his patent, and has also threatened to sue any licensee of plaintiff operating in accordance with plaintiff's patent; and that the acts of the defendant have caused and are causing damage to plaintiff since plaintiff has been deprived of worthwhile and lucrative license agreements with certain manufacturers. It is further alleged that plaintiff has denied the charges of infringement; that he has advised defendant that the claims of defendant's patent, when properly interpreted, cannot be asserted against plaintiff as infringed; and that therefore an actual controversy exists between plaintiff and defendant as to the validity of defendant's patent and as to its infringement. And it is further alleged in conventional manner that the patent of defendant is invalid and void. The prayer is for a declaratory judgment adjudicating that the defendant's patent is invalid and void; that the defendant's patent, when properly interpreted, is not infringed by the method of refining liquids described in plaintiff's patent; and that plaintiff has the right to practice the method of his patent and to grant licenses to others to operate in accordance with his patent.

Defendant seasonably filed a motion to dismiss the complaint and for summary judgment on the ground that the complaint fails to allege facts constituting an actual, existing, justiciable controversy appropriate for determination in a proceeding for declaratory judgment.

With an exception having no material bearing here, section 274d of the Judicial Code, 28 U.S.C.A. § 400, provides that in cases of actual controversy the courts of the United States shall have power upon complaint, or other appropriate pleading, to declare rights and other legal relations of any interested party; and that such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. The statute did not create any new substantive right. It is procedural in nature, designed to expedite and simplify the ascertainment of uncertain rights; and it should be liberally construed. But it is essential to the exertion of jurisdiction under the statute that there be an actual and bona fide controversy as distinguished from hypothetical or abstract questions. The controversy must be present, real, definite, and substantial. There must be a justiciable question, and it must touch the relations of the parties having adverse legal interests. The requirements for a justiciable controversy are no less exacting in a case brought under the statute than in any other type of suit. A court is not required by the statute to decide abstract questions or to give advisory opinions. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Coffman v. Breeze Corporations, Inc., 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264; Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384. 89 L.Ed. 1725; Commercial Standard Insurance Co. v. Gilmore, Gardner & Kirk Oil Co., 10 Cir., 157 F.2d 929; Johnson v. Interstate Transit Lines, 10 Cir., 163 F.2d 125.

The motion to dismiss admits all facts well pleaded in the complaint and all facts that can be reasonably inferred from the facts alleged. And in a case of this kind where the complaint is attacked by motion to dismiss for failure to state a cause of action on which plaintiff is entitled to relief, the complaint is to be construed in the light most favorable to plaintiff, with all reasonable doubts resolved in favor of its sufficiency. Wootten v. Wootten, 10 Cir., 151 F.2d 147, 161 A.L.R. 1027; Porter v. Karavas, 10 Cir., 157 F.2d 984.

It may be conceded that an action for declaratory judgment will lie where a junior patentee is engaged in operating under his patent, or where he is ready and desires to begin operating, or where others are operating under a license from the patentee, or where others are ready and desire to obtain a license from the patentee and begin operating under the patent, and the holder of the senior patent wrongfully charges infringement and threatens suits for damages. But here the complaint fails to allege that plaintiff is operating under the patent and is being wrongfully threatened with suits for damages for infringement. It similarly fails to allege that while plaintiff is not actually operating under the patent, he desires and is ready to begin operations under it, but is threatened with suits for the recovery of damages for infringement if he does so. In like manner it fails to allege that others desire and are ready to obtain from plaintiff licenses to operate under the patent but are deterred or prevented from doing so by threats of suits for damages for infringement, to the financial detriment of plaintiff. It fails to allege explicitly or by fair inference that plaintiff is presently operating under the patent, or that he is presently ready and desires to begin operating under it, or that others are presently ready and desire to obtain from plaintiff licenses and begin operating under it, but that nothing can be done in that behalf without the hazards of threatened suits for damages for infringement. In short, neither plaintiff nor any licensee under him is presently engaged in conduct which defendant contends constitutes infringement; and neither plaintiff nor any licensee under him has any immediate desire or intention of engaging in conduct of that kind. At most, plaintiff has an academic interest in the question whether operations under his patent would infringe the senior patent owned by defendant with resulting liability in damages as distinguished from a present real and substantial justiciable question. The complaint is

fatally defective in this essential respect. Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68, certiorari denied, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454.

And the allegations contained in the complaint respecting the contract entered into with Anderson, Clayton & Company, the erection and operation of the pivotal plant in Texas, the cancellation of the contract, the dismantling of the plant and its subsequent operation in Mexico do not vitalize the complaint in its effort to state a cause of action for a declaratory judgment. Those events transpired in the past; they are closed; and there is no suggestion of any intent or purpose to renew them. The facts pleaded with respect to these matters might support an action for damages, but they are not enough either alone or in connection with the other allegations in the complaint to warrant relief in an action for a declaratory judgment.

While it is alleged in the complaint that the contract with Anderson, Clayton & Company was cancelled and terminated as the result of charges by the defendant that the method of refining liquids specified in the patent of plaintiff constituted an infringement and of threats that defendant would sue such company, and while it is alleged that defendant has threatened to sue plaintiff for infringement should he operate under his patent and has also threatened to sue licensees of plaintiff operating in accordance with plaintiff's patent, it affirmatively appears from affidavits submitted in support of the motion and in opposition to it that the defendant has not engaged in widespread effort to use his patent as an economic weapon against plaintiff and others desiring to take licenses from plaintiff. Defendant was invited to observe the operation of the experimental plant in Texas. He accepted the invitation and was present. Plaintiff was present also. After the operations had been observed, officials of Anderson, Clayton & Company requested defendant to state his opinion as to whether the operation infringed his patent. In response to the request, defendant stated that in his opinion it did infringe. But he did not make any threat to sue for damages or otherwise. Thereafter, plaintiff opened correspondence with defendant, and in response to letters from plaintiff, defendant stated in substance that in his opinion and according to professional advice from his attorneys, operations under plaintiff's patent would infringe defendant's patent; and that his obligation to his licensees was to sue an infringer after actual operation of the infringing process had begun, or after some action which threatened their security. But defendant has not engaged in a campaign of threats against plaintiff or prospective licensees. Since neither plaintiff nor any licensee is presently engaged in operating or is ready and desires to begin operating under plaintiff's patent, the statements made by defendant in the circumstances just outlined cannot support an action for a declaratory judgment.

■ One further matter calls for consideration. Let it be assumed for the moment that in a strict and narrow sense the complaint does state a cause of action for a declaratory judgment. It has been iterated and reiterated so often as to become the well settled rule that the declaratory judgment procedure may be resorted to only in the sound judicial discretion of the court, where the interest of justice will be advanced, and where an adequate and effective judgment may be rendered. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Alabama State Federation of Labor v. McAdory, supra; Guardian Life Insurance Co. v. Kortz, 10 Cir., 151 F.2d 582; Johnson v. Interstate Transit Co., 10 Cir., 163 F.2d 125. Here, the validity of defendant's patent has been judicially sustained. Procter & Gamble Mfg. Co. v. Refining, Inc., 4 Cir., 135 F.2d 900. Neither plaintiff nor any licensee under him is operating or is ready to operate under plaintiff's patent. And neither plaintiff nor any licensee under him may ever at any time in the future begin or desire to begin operating under the junior patent. Exercise of sound judicial discretion in-

dicates that in these circumstances the court should not entertain the action for a declaratory judgment. Judgment will be entered dismissing the action.