**NATIONAL VALVE & MFG. CO. v. GRIMSHAW et al.**

No. 4034.

United States Court of Appeals Tenth Circuit.

April 26, 1950.

Truman B. Rucker, Oklahoma City, Okl. (Clayton B. Pierce, Oklahoma City, Okl., B. W. Tabor, and Joe Francis, Tulsa, Okl., on the brief), for appellant.

Norma Wheaton, Tulsa, Okl. (Robert D. Hudson, Tulsa, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

W. R. Grimshaw Company, a partnership composed of W. R. Grimshaw, Sr., W. R. Grimshaw, Jr., Harry D. Grimshaw, and Bertha Grimshaw, entered into a contract with Public Service Company of Oklahoma to construct a building as an enlargement of a generating plant in Tulsa, Oklahoma. National Valve & Manufacturing Company entered into a contract with Public Service Company to install certain pipes, fittings, valves, and guages in the building. L. L. Conner was an employee of National Valve & Manufacturing Company. While engaged in his work as a pipe fitter at the building, Conner suffered accidental death. The administrator of his estate filed an action in the District Court of Tulsa County, Oklahoma, against Public Service Company, National Valve & Manufacturing Company, W. R. Grimshaw Company, and the individuals composing the latter company for the recovery of damages. National Valve & Manufacturing Company made demand upon defendants W. R. Grimshaw Company and the individuals composing such company that they indemnify and save it harmless from loss by reason of the suit, and it tendered to them the opportunity to appear for and defend it in the suit. The demand for indemnification was refused and the tendered opportunity to defend the action was declined. Verdict was returned and judgment entered against National Valve & Manufacturing Company, W. R. Grimshaw Company, and the individual members composing such company. All of such defendants appealed to the Supreme Court of the State.

After the appeal of the case in the state court, National Valve & Manufacturing Company instituted in the United States Court this action against W. R. Grimshaw, Sr., W. R. Grimshaw, Jr., Harry R. Grimshaw, and Bertha Grimshaw, as individuals, and as a copartnership doing business under the firm name of W. R. Grimshaw Company for a declaratory judgment determining that defendants indemnify and hold complainant harmless against loss of any amount it should thereafter be compelled to pay in discharging the judgment rendered in the state court, together with all reasonable expenses including attorneys fees incurred in the defense of suit. It was alleged in the complaint that defendants W. R. Grimshaw Company and the individuals composing such company had been held liable in the suit in the state court because of primary, positive, and active negligence; that the negligence of complainant, as alleged and upon which the judgment was predicated, was secondary and passive; that as between complainant and defendants here, they were not in pari delicto there; that complainant was in dire 'peril of being mulcted in damages because of the judgment, and of being required to expend large sums to defend the suit; and that it was necessary that the rights of complainant and the duties and obligations of defendants be judicially determined by judgment, as provided by Title 28, section 2201, of the United States Code Annotated. Expressing the view that the complaint failed to disclose a justiciable controversy between the parties then presently ripe for judicial decree, the court dismissed the action without prejudice to the institution of another action for appropriate declaratory judgment after the Supreme Court of the state had made disposition of the case pending before it. Complainant appealed.

Title 28, section 2201, United States Code Annotated, provides in presently material part that in a case of actual contro-

versy within its jurisdiction, a court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought; and that such a declaration shall have the force and effect of a final judgment or decree. The statute is procedural in nature, designed to expedite and simplify the ascertainment of uncertain rights. It is essential to the exercise of jurisdiction under the statute that there be an actual and bona fide controversy as distinguished from hypothetical or abstract questions. The controversy must be present, real, definite, and substantial, admitting of specific relief through a judgment or decree of a conclusive character. There must be a justiciable question and it must touch the relations of the parties having adverse legal interests. The requirements for a justiciable controversy are no less exacting in a case brought under the statute than in any other type of suit. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617, 108 A.L.R. 1000; Coffman v. Breeze Corporations, Inc., 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264; Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725.

■ There is a wide distinction between jurisdiction to entertain an action under the statute and the exercise of such jurisdiction. American Fidelity & Casualty Co. v. Service Oil Co., 4 Cir., 164 F.2d 478. Even though an action be one of which the court has jurisdiction, there is no unyielding requirement that such jurisdiction be exerted at the wish of a willing complainant. The question whether declaratory relief shall be granted rests in the sound judicial discretion of the court. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Franklin Life Insurance Co. v. Johnson, 10 Cir., 157 F.2d 653; Johnson v. Interstate Transit Lines, 10 Cir., 163 F.2d 125, 172 A.L.R. 1242. And it will be granted only where the interests of justice will be advanced and an adequate and effective judgment may

be rendered. Alabama State Federation of Labor v. McAdory, supra; Johnson v. Interstate Transit Lines, supra.

■ As already indicated, the only relief sought in this case was a declaratory judgment determining that defendants hold complainant harmless against loss of any amount complainant should be compelled to pay in the discharge of the judgment rendered in the state court, together with reasonable expenses incurred in that case including attorneys fees. Obviously all of complainant's expenses in the defense of the case in the trial court and virtually all of its expenses in prosecuting the appeal had been incurred prior to the institution of this action. And, assuming without deciding that there is solid basis in law for the contention of complainant that defendants have been held liable in the action in the state court because of primary, positive, and active negligence, while the negligence of complainant, as alleged and upon which the judgment against it was grounded, was secondary and passive, and that as between the parties to this action they were not in pari delicto in that suit, if complainant should be compelled to pay the judgment in that case it could then maintain an action against defendants to recover judgment for its outlays, including attorneys fees and other expenses. But at the time of the institution of this action it was not certain that complainant would ever be compelled to pay any judgment in the action in the state court. And it is not certain now that it will ever be obliged to do so. The judgment already rendered may be reversed on appeal. It may be held that under the facts complainant is not liable in damage for the death of the employee. Or the judgment may be reversed for some other reason and the cause remanded for another trial, and on a subsequent trial complainant may prevail. Or, defendants here may discharge in full the judgment previously rendered or any judgment which may be subsequently rendered in that case. In view of all the circumstances and contingencies manifest on the record, it cannot be said with any measure of certainty that the interests of justice would necessarily have

been advanced by the court exercising its jurisdiction to entertain this proceeding for a declaratory judgment. Therefore it was not error to dismiss the action without prejudice. Cf. Fash v. Clayton, D.C., 78 F.Supp. 359.

The judgment is affirmed.