**MORANIA OIL TANKER CORPORA-
TION et al., Plaintiffs,**

v.

**George M. HUMPHREY, Secretary of the
Treasury, et al., Defendants.**

**Civ. No. 686-56.**

United States District Court
District of Columbia.

June 25, 1957.

David G. Berger, Washington, D. C., and Krisel, Beck & Taylor, New York City, for plaintiff.

Oliver Gasch, Edward P. Troxell, E. Riley Casey, Thomas H. McGrail, Washington, D. C., for defendant.

McGUIRE, District Judge.

The defendants' motion for summary judgment is granted. There is no controversy before the Court. The plaintiffs may be right as far as their construction of the statute is concerned, but this Court is in no position to give them an advisory opinion one way or the other. 28 U.S.C.A. §§ 2201, 2202. There must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character as distinguished from an opinion *advising* as to what the law is in a vacuum. As the Supreme Court has said in the leading case of Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, at page 242, 57 S.Ct. 461, at page 465, 81 L.Ed. 617: "It calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of *present* right upon established facts." [Italics supplied.] A case practically on all fours is International Longshoremen's & Warehousemen's Union v. Boyd, 347

U.S. 222, 74 S.Ct. 447, 98 L.Ed. 650. Here the dispute is about the interpretation of a statute and in its present status is not only theoretical but academic.

Order accordingly.