**Henry M. HENDERSON, Plaintiff,**

v.

**STATE DEMOCRATIC EXECUTIVE COMMITTEE OF GEORGIA,**
**Defendant.**

**Civ. A. No. 7716.**

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 19, 1961.

Henry M. Henderson, pro se.

Powell, Goldstein, Frazer & Murphy, B. D. Murphy, Robert E. Coll, Atlanta, Ga., for defendant.

MORGAN, District Judge.

Plaintiff has filed his complaint seeking a declaratory judgment under the provisions of the Judicial Code, Title 28, Sec-

tion 2201, and prays for a ruling that the statutes of Georgia requiring the application of the "county unit vote" method and system to the determination of the results of a primary election of the Democratic Party are null and void as to him as being in violation of the Fourteenth Article of Amendment to the Constitution of the United States.

Plaintiff names as the only defendant the State Democratic Executive Committee of Georgia.

Plaintiff's complaint alleges that the State Democratic Executive Committee is the governing body of the Democratic Party of Georgia, and that the membership of said Committee is controlled by the successful candidate of the Democratic Party for nomination for the Office of Governor, and that under the laws of Georgia, the State Democratic Executive Committee is required to hold and conduct a primary election on behalf of the Democratic Party under the laws of the State of Georgia. Plaintiff further alleges that the State Democratic Executive Committee may hold a primary election for the purpose of nominating candidates of the Democratic Party to participate in the general election, and that the results of such political party primary election are determined by the "county unit vote" method prescribed by the laws of Georgia.

Plaintiff alleges that he desires to qualify and enter the next primary election to be held by the said Democratic Party for choosing nominees for national and state offices, and that upon payment to the defendant of an entrance fee to be fixed and prescribed by defendant, plaintiff will qualify as a candidate for Governor, and that when he qualifies to enter said primary election that the defendant will determine the results by the application of the "county unit vote" method, and that the use of this "county unit vote" method and system to determine the results of the primary election will, as to plaintiff, in his capacity set forth in this complaint, be in violation and contravention of the provisions of the Fourteenth Article of Amendment to the Constitution of the United States. Defendant makes a special appearance for the purpose of moving to dismiss the complaint as provided in Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the matter is now properly before this Court under Local Rule 15.

### Findings of Fact

1. The allegations of the complaint show no action taken by the plaintiff relative to qualification for nomination for Governor in the next primary election of the Democratic Party.

2. Plaintiff fails to allege any violation of law or any other illegal action, past or threatened, by the State Democratic Executive Committee.

### Conclusions of Law

1. There is no actual controversy appropriate for judicial determination involved in this case under the statutes governing primaries in the State of Georgia. The holding of a state primary in this state is at the option of the Democratic Party or any other political party, Chapman v. King, 5 Cir., 154 F.2d 460, 463; Cox v. Peters, 208 Ga. 498, 504, 67 S.E.2d 579. Until such time as a primary is held by the defendant, an actual controversy would not exist.

2. This Court, in the absence of an actual controversy, has no power to grant the relief requested in the complaint, since there is no substantial controversy between parties in order to constitute adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239–242, 57 S.Ct. 461, 463, 464, 81 L.Ed. 617. Differences of opinion as to the meaning of a statute or the possibility that a person may, at some future time, be adversely affected by the provisions of the statute do not give rise to a justiciable case until an actual concrete controversy occurs, West v. Bank of Commerce and Trusts et al., 4 Cir., 153 F.2d 566, 569, 174 A.L.R. 848. Since this Court is of the opinion that no

actual controversy exists, we do not reach the questions that would become important if an actual controversy should arise. This Court is excluded from rendering advisory decrees on hypothetical facts, Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

3. The motion of the defendant to dismiss should be sustained.

The motion to dismiss having been sustained, this Court deems it unnecessary to rule on the question of service on an "unincorporated association" as provided in Rule 17(b) (1) of the Federal Rules of Civil Procedure.

It is so ordered.