## CALIFORNIA *v.* SAN PABLO AND TULARE RAIL-ROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 257. Argued April 24, 1893. — Decided May 10, 1893.

If, pending a writ of error to reverse a judgment for the defendant in an action by a State to recover sums of money for taxes, the defendant offers to the plaintiff, and deposits in a bank to its credit, the amount of those sums, with penalties, interest and costs, which by a statute of the State have the same effect as actual payment and receipt of the money, the writ of error must be dismissed.

THIS was an action, brought March 10, 1886, by the State of California against the San Pablo and Tulare Railroad Company, a corporation of California, in the Superior Court of the city and county of San Francisco, (and thence removed by the defendant into the Circuit Court of the United States, upon the ground that it was a suit arising under the Constitution and laws of the United States,) to recover taxes assessed by the State Board of Equalization, under sections 4 and 10 of article 13 of the constitution of California, (which are copied in the margin,[1]) as state and county taxes for the year July 1,

---

[1] SEC. 4. A mortgage, deed of trust, contract or other obligation, by which a debt is secured shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby. Except as to railroad and other quasi public corporations, in case of debts so secured, the value of the property affected by such mortgage, deed of trust, contract or obligation, less the value of such security, shall be assessed and taxed to the owner of the property; and the value of such security shall be assessed and taxed to the owner thereof in the county, city or district in which the property affected thereby is situate. The taxes so levied shall be a lien upon the property and security, and may be paid by either party to such security; if paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured; if the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and to the extent of such payment a full discharge thereof: Provided, that if any such security or indebtedness shall

1885, to June 30, 1886, upon the defendant's franchise, road-way roadbed, rails and rolling stock in the counties of Alameda, Contra Costa and San Joaquin.

The defendant, in its answer, filed March 19, 1886, and averring the facts necessary to present the question, set up the following defence: " The provision of section 4 of article 13 of the constitution of the State of California, providing for the assessment of the property of railroad and other quasi public corporations, is in contravention of the provisions of the Fourteenth Amendment of the Constitution of the United States, in that it discriminates against such corporations; in this, that whereas under said section 4 of said article 13 of the constitution of the State of California, if the property of natural persons, or corporations not quasi public, has a mortgage, lien or incumbrance thereon, they are not liable to assessment or taxation upon such property, but only upon the value of their interest in such property over and above the value of such mortgage, lien or incumbrance; whereas, in the case of the property of railroad and other quasi public corporations, no such allowance or deduction is made, had or allowed with respect to any mortgage, lien or incumbrance there may be upon such property ; and also in this, that while section 10 of article 13 of the constitution of the State of California provides the same mode for the assessment of the franchise, road-way, roadbed, rails and rolling stock of all railroads operated in more than one county, whether such property be owned by

---

be paid by any such debtor or debtors, after assessment and before the tax levy, the amount of such levy may likewise be retained by such debtor or debtors, and shall be computed according to the tax levy for the preceding year.

SEC. 10. All property, except as hereinafter in this section provided, shall be assessed in the county, city, city and county, town, township or district in which it is situated, in the manner prescribed by law. The franchise, roadway, roadbed, rails and rolling stock of all railroads operated in more than one county in this State shall be assessed by the State Board of Equalization, at their actual value; and the same shall be apportioned to the counties, cities and counties, cities, towns, townships and districts in which such railroads are located, in proportion to the number of miles of railway laid in such counties, cities and counties, cities, towns, townships and districts.

railroad or other quasi public corporations or by private corporations or by natural persons, yet section 4 of article 13 of said constitution permits or allows indebtedness secured by mortgage, trust deed, or otherwise, to be deducted from the value of such property, only when it is owned by natural persons or corporations not quasi public, and denies such deduction when the property is owned by railroad or other quasi public corporations."

On July 14, 1886, the attorneys for the parties filed in this and three similar cases the following stipulation in writing:

"It is hereby stipulated that jury trials in the above entitled actions are hereby waived, and that said causes may be submitted to the court upon the testimony referred to in the stipulation this day made and filed in the case of *The People of the State of California* v. *The Central Pacific Railroad Company*, subject to the same terms and conditions. It is hereby further stipulated that special findings of facts in all of the above entitled actions are waived. It is hereby further stipulated and agreed that the said case of *The People of the State of California* v. *The Central Pacific Railroad Company* shall by the losing party be taken to the Supreme Court of the United States; and that the decision of said court in said case shall be applicable to and be treated by each party as the decision of said court in the above entitled actions; it being the intention and desire of the parties hereto to save the expense of separate writs of error; and that all the above entitled actions shall abide the final decision of said Supreme Court of the United States in the said case of *The People of the State of California* v. *The Central Pacific Railroad Company*, provided the said decision shall be made upon points involved therein; and if not so made, then the judgments in any of the above cases in which the point is not involved shall be set aside and findings of fact therein shall be made."

On July 15, 1886, the Circuit Court gave judgment for the defendant in the present case.

In the case of *California* v. *Central Pacific Railroad*, referred to in that stipulation, this court did not decide the question now presented, but on April 30, 1888, reversed the

judgment of the Circuit Court on other grounds. 127 U. S. 1, 45.

On March 6, 1889, the parties, by another stipulation in writing, agreed that the previous judgment of the Circuit Court in the present case be set aside, and the case submitted to the Circuit Court upon an agreed statement of facts, "on which findings shall be made and conclusions of law drawn by the court."

On September 6, 1889, the Circuit Court, pursuant to this stipulation, ordered its former judgment to be set aside, and made and filed findings of fact in accordance with the agreed statement.

By these findings of facts, it appeared that, before and at the time of the assessment of these taxes, the defendant owed a debt secured by mortgage of its railroad, its franchise and its rolling stock and appurtenances, to the amount of more than $3000 a mile; that the State Board of Equalization valued and assessed the defendant's franchise, roadway, roadbed, rails and rolling stock, not separately, but together, (and not including any other kind of property,) at their full value, without deducting the value of the mortgage or any part thereof, although knowing of its existence, and did not deem or treat the mortgage as an interest in the property, and assessed the whole value of the property to the defendant as if there had been no mortgage thereon, but made the assessment upon the same basis for valuation as all other property in the State was valued for the purpose of taxation; and that there were at that time divers railroads in the State, owned and operated by corporations other than railroad corporations, and by individuals and partnerships.

Upon the facts found, the Circuit Court concluded, as matter of law, that the defendant was entitled to judgment. Judgment was entered accordingly, and the State of California sued out this writ of error.

The Attorney General of the State admitted in his brief, and, when this case was called for argument, stated in open court, the following fact:

"In the year 1893, the defendant offered and tendered to

the plaintiff a sum of money equal to the taxes, penalties, interest and attorney's fee, to recover which this action was brought, and costs of suit, which offer and tender have not been accepted; but the money has been deposited by the defendant in bank, in accordance with the provisions of section 1500 of the Civil Code of California, which reads as follows: 'An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank of deposit within this State of good repute, and notice thereof is given to the creditor.'"

*Mr. William H. H. Hart*, Attorney General for the State of California, after stating the fact of the offer and deposit of money as aforesaid, said:

I respectfully submit that this offer should not prevent the hearing of this cause and a decision of the constitutional question involved.

There are other cases depending upon the determination of this. It will be seen in the record, that there was a stipulation in this case, and three others, that the decision that might be made in this court in the case of *The People of the State of California* v. *The Central Pacific Railroad Co.*, should be treated as a decision in all of the cases, provided the decision should be upon points involved therein, and if not so made, then the judgment of the Circuit Court in any of these cases should be set aside and findings of fact therein made. That case having been decided against the State because the assessment included steamboats and federal franchise, (see 127 U. S. 1,) and the question made in the present case under the Fourteenth Amendment not having been passed upon, counsel of the parties signed a stipulation to have the judgment set aside in this case, and to submit the same to the Circuit Court upon the facts stated in the stipulation, and it was accordingly thus submitted and decided by the Circuit Court, the design of the stipulation thus submitting the case being to obtain a decision which would also dispose of the remaining two cases embraced

in the stipulation first made, that stipulation having been made to carry out the design of the first, that is, to obtain a decision that will dispose of all these cases.

Therefore, nothing short of a payment of what is claimed in those two cases, as well as in this, should be regarded as dispensing with a decision of the constitutional question raised in this case, and which is the same in the three cases.

It is of the utmost importance to the people of the State of California, that it be determined whether an assessment of the property of railroad corporations in the manner required by the constitution of California is valid, so it may be known, when these assessments are made, whether they can be included in the sources of revenue that can be relied upon in the administration of the government of that State, or whether such corporations are at liberty to decline to pay taxes, and to pay only what sums and when they may choose, merely as voluntary contributions to the public funds of California.

The court declined to hear further argument.

*Mr. George A. Johnson*, a former Attorney General of the State of California, and *Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* also submitted briefs for the plaintiff in error.

*Mr. George F. Edmunds, Mr. Harvey S. Brown* and *Mr. Creed Haymond* submitted briefs on the merits for the defendant in error.

*Mr. Harvey S. Brown* also submitted a brief on a motion to dismiss the writ of error.

MR. JUSTICE GRAY delivered the opinion of the court.

Upon the fact most properly and frankly admitted in open court by the Attorney General of the State of California, there can be no doubt that this writ of error must be dismissed, because the cause of action has ceased to exist. Any obligation of the defendant to pay to the State the sums sued for in this case, together with interest, penalties and costs, has been

extinguished by the offer to pay all these sums, and the deposit of the money in a bank, which by a statute of the State have the same effect as actual payment and receipt of the money. And the State has obtained everything that it could recover in this case by a judgment of this court in its favor. The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.

The case at bar cannot be distinguished in principle from previous cases in which writs of error have been dismissed by this court under similar or analogous circumstances. *Lord* v. *Veazie*, 8 How. 251, 255; *Cleveland* v. *Chamberlain*, 1 Black, 419; *Wood Paper Co.* v. *Heft*, 8 Wall. 333; *San Mateo County* v. *Southern Pacific Railroad*, 116 U. S. 138; *Little* v. *Bowers*, 134 U. S. 547; *Singer Manuf. Co.* v. *Wright*, 141 U. S. 696. See also *Elgin* v. *Marshall*, 106 U. S. 578.

*Writ of error dismissed.*