## THE UNITED STATES EX REL. BROWN

*v.*

## ROOT.

---

MANDAMUS; ARMY OFFICERS, DISMISSAL OF, DURING TIME OF WAR.

Where an officer of the army during the war with Spain, after having been acquitted by a court-martial of charges preferred against him, was, by direction of his commanding general, retried by the court-martial on the same charges, and was convicted and dismissed from the service, and thereafter, peace having been declared, and its term of enlistment having expired, his regiment was mustered out and discharged, it was *held* that *mandamus* would not lie on his relation against the Secretary of War to compel the respondent to cause the relator to be mustered out and discharged.

No. 1040. Submitted April 4, 1901. Decided May 21, 1901.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a petition for the writ of *mandamus.*           *Affirmed.*

The COURT in its opinion stated the case as follows:

This appeal is from a judgment of the Supreme Court of the District dismissing a petition for a writ of *mandamus.*

The relator, Lewis E. Brown, received a commission on July 7, 1898, as first lieutenant of the ninth regiment of volunteer infantry in the service of the United States. He was brought to trial before a court-martial, convened at San Luis, Cuba, by order of Brigadier-General Wood, command-ing the department of Santiago. The charge was conduct unbecoming an officer and a gentleman, with specification that he did gamble with enlisted men of said regiment in camp near San Luis about October 11, 1898.

The court-martial found the relator not guilty 'of charge and specification, and reported the proceedings in due order to the commanding general, and adjourned *sine die* as the record shows.

The first indorsement upon the record is that of Capt. H. K. Baily, fifth infantry, and acting judge advocate of the department of Santiago, under date December 1, 1898, to the effect that the evidence reported is conclusive of guilt and the proceedings should be returned for re-considera-tion of the finding. A further indorsement shows that return was made for reconsideration by the court-martial by order of Brigadier-General Wood. December 6, 1898, the court reconvened, and having reconsidered the case found the relator guilty of charge and specification, and sentenced him to be dismissed from the service.

This sentence was approved by General Wood December 24, 1898, and forwarded to the President for his action. It was returned to General Wood inviting his attention to the 106th article of war, which, in time of war, removes the ordinary requirement of approval by the President of sentences of the kind. On February 15, 1899, General Wood ordered the sentence to take effect on February 17, 1899.

The regiment to which relator had belonged was regularly mustered out and discharged from the service of the United States at Camp Meade, Pennsylvania, on May 25, 1899, peace with Spain having been declared. Relator, claiming that having been once acquitted by judgment of the court-martial, the subsequent reconsideration by order of General Wood, and conviction thereon, was without authority and

void, avers that it was the duty of the Secretary of War to muster relator out of the service, and that through failure of such duty he is unable to obtain pay for the services rendered by him under his appointment and has sustained damage.

On May 7, 1900, relator addressed a communication to the respondent — Elihu Root, Secretary of War — asserting the nullity of the sentence dismissing him from the service, and asking for an honorable discharge as of the date, May 25, 1899, when his regiment had been mustered out.

This application was refused on the ground of relator's conviction and dismissal aforesaid.

The prayer is that the writ be issued commanding the respondent " to cause relator to be mustered out and discharged from the volunteer service of the United States notwithstanding said alleged sentence."

*Mr. Lorenzo Bailey* and *Messrs. Dudley & Michener* for the appellant.

*Mr. T. H. Anderson,* United States Attorney for the District of Columbia, and *Mr. Ashley M. Gould,* Assistant United States Attorney, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

Without regard to any question of irregularity in the proceedings of the court-martial, subsequent to the judgment of acquittal rendered and reported, or of the invalidity of the conviction and sentence thereafter for the same offense, the judgment dismissing the relator's petition must be affirmed.

Any one of the following grounds are, in our opinion, sufficient:

1. The President of the United States is the commander-in-chief of the army. By his authority Brigadier-General Wood was in command of the department of Santiago, Cuba. The war with Spain had not ended when the conviction and dismissal of relator from the service occurred.

Whether, notwithstanding the final action of the court-martial and of the general in immediate command, the relator was entitled to be treated as still in the service and to be mustered out with his regiment and honorably discharged at the close of the war, was a question for the President to determine, in accordance with his duty. The Secretary of War, no matter what powers he may in fact exercise in such matters, is the representative and agent of the President, whose will is executed. As was said of the duties of the Secretary of State, under analogous circumstances, in *Marbury* v. *Madison:* "He is the mere organ by whom that will is communicated. The acts of such an officer, as an officer, can never be examinable by the courts." 1 Cr. 137, 167.

2. Whether justly or unjustly, the relator was actually dismissed from the army of the United States, in time of war, by the order of the general in immediate command of the army in the department of Santiago, whose official action in such cases must be regarded as that of the President until disapproved and set aside by him. Independently, therefore, of the proceedings of the court-martial, the relator's dismissal from the service was within the powers of the President; for it is well settled that, in time of war, the President has the authority, under the Constitution and laws, to dismiss an officer of the army and navy from the service for any cause which, in his judgment, either renders the officer unsuitable for, or whose dismissal would promote, the public service. *Blake* v. *United States,* 103 U. S. 227, 235; *Mullan* v. *United States,* 140 U. S. 240, 245; *Quackenbush* v. *United States,* 177 U. S. 20, 25. For reasons heretofore given, the grounds of the exercise of this authority, by the President, are not matters of judicial inquiry. As was said in *Quackenbush* v. *United States, supra:* "When through mistake, or misapprehension, or for any other reason, injustice has been done, Congress has the power to accord relief; but the courts cannot of their own motion review the grounds of action taken in the constitutional exercise of executive power."

3. Assuming that the relator's conviction, after the first

judgment of acquittal, was beyond the power of the court-martial, and that his dismissal from the army in the execution of the sentence was likewise unauthorized, yet there seems to be no substantial right of person or property in controversy under the allegations of his petition and his prayer for judgment. He has neither been restrained of his liberty nor deprived of any right of property over which the court has jurisdiction. He has been dismissed from the army; but the special term of service for which his regiment was enlisted and he and his fellow officers were commissioned has expired, it seems, by operation of law, or by executive authority under the law. His prayer is that he be honorably discharged as of the date upon which he could have been discharged, along with the others, had he then been recognized as being in the service under his former commission.

As has been said by the Supreme Court of the United States in enouncing the governing principle: "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." *California* v. *San Pablo, etc., RR. Co.,* 149 U. S. 308, 314; *Donaldson* v. *Wright,* 7 App. D. C. 45, 63.

It is true, relator charges as a grievance that he has been unable to obtain pay for his services because of his unauthorized dimissal. This is upon the assumption necessarily, that not having been lawfully dismissed the service, his salary continued to run until his regiment was actually mustered out. But this court could not take jurisdiction of an action either to compel the payment of his salary or to ascertain the validity of his claim thereto. The United States cannot be sued save by their own consent and then only in the par-

ticular court that they may designate for the purpose. Recognizing this familiar principle, no such relief has been asked.

All that could be accomplished by a judgment in relator's favor, as prayed for, would be the expression of an opinion that his dismissal from the service, in disgrace, was not within the power of his commanding general at the time. Such a judgment, compelling a certificate of honorable discharge, might, as claimed, have the effect of vindicating the character of the relator.

But courts do not sit for the vindication of character save to the extent that the same may be involved in, or incidental to the enforcement of some remedy for the protection or vindication of rights of person or property.

The United States Court of Claims would, probably, have jurisdiction of an action by the relator to establish the validity of his claim to salary accruing after the date of his dismissal.

The maintenance of such an action would necessarily involve the decision of the single question sought to be adjudicated here.

Assuming that such jurisdiction exists would furnish another reason for refusal of relief by way of *mandamus,* for that writ lies only in plain cases and where there is no other legal remedy.

Without intimating any opinion in respect of the validity of the proceeding of the court-martial, and for the reasons given above, the judgment appealed from will be affirmed with costs. It is so ordered.          *Affirmed.*