B. Holman, Inc. *v.* United States (No. 4093)[1]

United States Court of Customs and Patent Appeals, April 1, 1941

Barnes, Richardson & Colburn (Samuel M. Richardson of counsel) for appellant.

Charles D. Lawrence, Acting Assistant Attorney General (Daniel G. McGrath, special attorney, of counsel), for the United States.

[Oral argument February 4, 1941, by Mr. Richardson and Mr. McGrath]

Before Garrett, Presiding Judge, and Bland, Hatfield, and Jackson Associate Judges [2]

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division.

---

. [1] C. A. D. 163.
[2] Lenroot, Judge, took no part in the consideration or decision of this case.

Merchandise, consisting of goatskins, exported from China and imported into the United States at the port of New York under the Tariff Act of 1922, was entered "for warehousing" and deposited in a bonded warehouse under the provisions of that act. It was originally assessed for duty by the collector at the port of New York as "Furs dressed on the skin" at 25 per centum ad valorem *under paragraph 1420 of the Tariff Act of 1922,* and the entries (two in number) were liquidated under that act on *April 2, 1930.*

The importer duly protested the collector's classification, claiming that the merchandise covered by entry W. H. B. 17663 was dutiable alternatively at 10 or 15 per centum ad valorem under paragraph 1420, 20 per centum ad valorem under paragraph 1431, or 20 per centum ad valorem under paragraph 1459 of the *Tariff Act of 1922,* or that it was free of duty under paragraph 1579 or paragraph 1666 of *that act,* and that the merchandise covered by entry W. H. B. 20789 was dutiable alternatively at 10 or 15 per centum ad valorem under paragraph 1420, 10 per centum ad valorem under paragraph 1457, or 10 or 20 per centum ad valorem under paragraph 1459 of the *Tariff Act of 1922,* or that it was free of duty under paragraph 1579 or paragraph 1666 of *that act.*

The merchandise was withdrawn from bonded warehouse and entered for consumption after the enactment of the Tariff Act of 1930, and became dutiable under that act by virtue of the provisions of sections 315 and 557 thereof.

The trial of the issues raised by the protests was continued several times by the trial court with the consent of counsel for the parties to await final decisions in pending cases "involving similar issues."

On April 22, 1936, the importer moved to amend the protests by adding thereto claims that the involved merchandise was properly dutiable at either 10 or 20 per centum ad valorem under paragraph 1558 of the *Tariff Act of 1930,* or that it was free of duty under paragraph 1681 of *that act.* The motions to amend were denied, the trial court stating, in substance, that as the collector "has not yet liquidated" the involved entries under the *Tariff Act of 1930* "the amendments are not timely." Thereafter, on June 2, 1936, the issues raised by those protests came on for trial, and, for reasons not of importance here, counsel for the importer moved that the case be continued until October of that year. The motion was overruled by the court, and the cause ordered submitted. Counsel for the importer submitted no evidence, and, on March 5, 1937, the protests were overruled. Judgment was entered accordingly, and the importer appealed to this court.

In its decision overruling the protests, the court again referred to the motions to amend the protests, and stated, in substance, that as

*section 514* of the *Tariff Act of 1930* requires that protests be filed within 60 days *after but not before* "liquidation or reliquidation," the granting of the motions "would in effect be permitting the filing of new protests *before* reliquidation, which is not provided for by the statute."

We are in accord with the conclusion reached by the trial court that as the involved entries had not been liquidated by the collector under the Tariff Act of 1930, as required by section 505 of that act and the customs regulations adopted by the Secretary of the Treasury in accordance therewith, the amendments requested by the importer were untimely and the motions were, therefore, properly overruled. *United States* v. *B. Holman, Inc.*, Suit No. 4323, 29 C. C. P. A. (Customs) 3, C. A. D. 164, decided concurrently herewith.

In view of the fact that the involved merchandise remained in bonded warehouse until after the enactment of the Tariff Act of 1930 and became subject to the provisions of that act by virtue of the provisions of sections 315 and 557, *supra*, the issues raised by the protests as to the proper classification of the merchandise under the Tariff Act of 1922 became moot (*Stone & Downer* v. *United States*, 19 C. C. P. A. (Customs) 259, T. D. 45388), and the court was without authority to decide them. See *C. J. Tower & Sons et al.* v. *United States*, 20 C. C. P. A. (Customs) 364, T. D. 46131, and cases therein cited, particularly the cases of *California* v. *San Pablo & Tulare Railroad Co.*, 149 U. S. 308, 314 and *Mills* v. *Green*, 159 U. S. 651, 653.

Accordingly, instead of overruling the protests, the trial court should have dismissed them. For that reason and to that extent, the judgment is *modified* and the cause *remanded* for proceedings consistent with the views herein expressed.