LEVIN, APPELLANT, *v.* PRIBANIC, APPELLEE.

(No. 1455—Decided November 18, 1959.)

*Messrs. Levin & Levin*, for appellant.
*Mr. Ray L. Miraldi*, for appellee.

DOYLE, P. J. The notice of appeal in the instant case shows it to be "from a ruling rendered by the Lorain Municipal Court of Lorain County, Ohio, * * * on June 4, 1959, * * * as appears in the journal and the appearance docket and records of said Lorain Municipal Court * * * on questions of law only."

The order of June 4, 1959, to which reference is made above, is as follows:

"This cause came on for hearing on motion filed by the plaintiff for an order to the defendant herein to deliver to the bailiff of the Lorain Municipal Court stock certificate No. 1 of the Vogue Room, Inc., and all other stock certificates in said corporation issued to Joseph M. Pribanic to be sold upon execution and on motion for rehearing filed by the defendant requesting the court that the levy and sale be denied. The court, upon consideration, overrules the motion of the plaintiff and grants the motion of defendant denying the levy and sale of the stock certificates of Vogue Room, Inc. Exceptions to the parties."

It is found from the record that a money judgment for $568.84 and costs was rendered in the Municipal Court of Lorain in favor of G. R. Levin (the appellant) and against Joseph M. Pribanic (the appellee); subsequently, proceedings in aid of execution were commenced against the judgment debtor, and a great number of orders were made by the court in connection with the judgment creditor's attempt to subject various assets of the judgment debtor to the payment of the judgment.

This appeal is taken from an order of the court refusing certain stock to be sold upon execution for the purpose of satisfying the judgment, as more fully appears in the order of June 4, 1959, *supra*.

The appeal came on for hearing on October 19, 1959, and counsel representing each of the litigants appeared in court. Counsel for the judgment debtor stated that he would pay immediately the judgment and costs in the lower court. This court thereupon indicated that, if payment was made, as promised, the appeal would be dismissed on the ground that the appeal presented a question which had become moot.

The judgment debtor (appellant) insists that his appeal be entertained and not dismissed, because there is presented the question of costs in the Court of Appeals, including the cost of a bill of exceptions.

It is agreed by all that the judgment and costs in the Municipal Court have been paid; and in consideration thereof this court determines that the appeal presents only a moot question, and should be dismissed.

In the case of *Nicholson* v. *Vending Machine Service Em-*

*ployees, ante* 379, Judge Stevens, in writing for the court, stated:

"They urge, however, among other things, that there is the question of costs, which have been assessed against them, and that said question of costs furnishes a sufficient predicate for retention of the case, even though the other issues may have become moot.

"That argument is not sound. *Miner* v. *Witt, City Clerk,* 82 Ohio St., 237."

In the above mentioned case from Summit County, this court followed the generally-accepted doctrine pronounced many years ago in *California* v. *San Pablo & Tulare Railroad Co.,* 149 U. S., 308, 314, 37 L. Ed., 747, 748, 13 S. Ct., 876, that: "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot effect the result as to the thing in issue in the case before it. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard."

The question of costs is for the Legislature, and cannot be made the vehicle to revitalize a case which is moot.

See also: *Bellows Co.* v. *Bowers, Tax Commr.,* 165 Ohio St., 9, 133 N. E. (2d), 131; *State, ex rel. Devine, Pros Atty.,* v. *Baxter,* 168 Ohio St., 559, 156 N. E. (2d), 746; *In re Appropriation for Highway Purposes,* 169 Ohio St., 314, at p. 317, 159 N. E. (2d), 451; *State, ex rel. Keller,* v. *Loney,* 169 Ohio St., 394, 159 N. E. (2d), 896.

The appeal will be dismissed.

*Appeal dismissed,*

Stevens and Hunsicker, JJ., concur.