**J. O. BINGHAM, Debtor, Appellant,**

v.

**YINGLING CHEVROLET COMPANY,**
**Appellee.**

**No. 6731.**

United States Court of Appeals
Tenth Circuit.

Dec. 6, 1961.

Donald B. Clark, Wichita, Kan. (Charles D. Anderson and Marvin R. Appling, Wichita, Kan., on the brief), for appellant.

Malcolm Miller, Wichita, Kan. (George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, and Robert L. Howard, Wichita, Kan., on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This appeal must be dismissed because it presents no controversy. Appellant Bingham petitioned in the court below for a wage earner's plan pursuant to Chapter XIII of the Bankruptcy Act.[1] Previously he had filed a similar petition and had received a discharge within six years prior to the filing of the petition involved herein. The Bankruptcy Act pro-

<hr>

1. 11 U.S.C.A. § 1001 et seq.

vides[2] that an adjudication operates as an application for a discharge and that the court shall grant the discharge unless, among other things, the bankrupt within the prior six years has been granted a discharge or had a wage earner's plan by way of composition confirmed. Appellee Yingling Chevrolet Company, asserting that in the circumstances the second petition could not be maintained, moved to dismiss. The referee dismissed the proceedings and on petition for review the district court sustained that ruling. During the pendency of the petition for review, Bingham paid the Yingling claim in full.

 In his notice of appeal Bingham designated only Yingling as appellee. None of his other creditors have appeared. One Porter, assuming to be a trustee in the Bingham wage earner proceedings, has filed an entry of appearance but he is an interloper as the statute provides only for the appointment of a trustee by the court after the acceptance of the plan.[3] Here the proceedings were dismissed and no plan accepted.

As Yingling has received payment in full, it has no interest in the success or failure of the wage earner's plan and no standing to contest that plan as an adversary. In order to invoke the exercise of our adjudicatory power, there must be a controversy involving adverse litigants.[4] Moreover, the only basis of a controversy between Bingham and Yingling was the debt owed by the former to the latter. Payment ended that controversy and makes moot every issue tendered by this appeal.[5] Reliance on Leader Clothing Company v. Fidelity and Casualty Company of New York, 10 Cir.,

227 F.2d 574, is misplaced as there the amount of the judgment had been paid to the clerk of the trial court and repayment could have been enforced in the event of reversal. Here the payment was made voluntarily and was accepted. So far as we are advised neither Bingham nor any one else is trying to get the money back.

The appeal is dismissed.

2. 11 U.S.C.A. § 32, sub. c(5).

3. 11 U.S.C.A. § 1033(4).

4. Poe v. Ullman, 367 U.S. 497, 502–505, 81 S.Ct. 1752, 6 L.Ed.2d 989; Public Service Commission of Utah v. Wycoff Company, Inc., 344 U.S. 237, 242, 73 S.Ct. 236, 97 L.Ed. 291; Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239–241, 57 S.Ct. 461, 81 L.Ed. 617;

Muskrat v. United States, 219 U.S. 346, 361, 31 S.Ct. 250, 55 L.Ed. 246.

5. California v. San Pablo & Tulare Railroad Company, 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 747. Cf. Boggess v. Berry Corporation, 9 Cir., 233 F.2d 389, 390, 16 Alaska 256; United States v. International Union, etc., 88 U.S.App.D.C. 341, 190 F.2d 865, 872; and Cover v. Schwartz, 2 Cir., 133 F.2d 541, 546.