**DRS. HILL & THOMAS CO., an Ohio Corporation, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 17669.**

United States Court of Appeals Sixth Circuit.

March 26, 1968.

W. Dean Hopkins, Cleveland, Ohio, H. Guy Hardy, Bert W. Moyar, McDonald, Hopkins & Hardy, Cleveland, Ohio, on brief, for appellant.

Richard C. Pugh, Department of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Deene R. Goodlaw, Attorneys, Department of Justice, Washington, D. C., on brief; Merle M. McCurdy, U. S. Atty., Bernard J. Stuplinski, Asst. U. S. Atty., Cleveland, Ohio, of counsel, for appellee.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is a tax case in which appellant seeks to raise the question of the validity or invalidity of Treasury Regulation 301.7701–2. This Regulation, effective in 1965,[1] if valid, rules out the taxation of plaintiff company as a corporation. The net effect would be to allow the income to flow through to the doctors who are shareholders. The ultimate effect would be to require their taxation on a partnership basis.

Here plaintiff company paid taxes without taking certain deductions and then filed suit for refunds. For the only year in dispute, 1965, the Commissioner tendered not just the refund claimed, but the entire tax paid by the company. Thus for once, we have the picture of a taxpayer insisting that the government

---

1. Treas.Reg. § 391.7701–2, T.D. 6797, 1965–1 Cum.Bull. 553.

is wrong in giving him back more money than he claims is due him.

The appellee argues that the case is moot since the suit for refund has only the objective of recovery of money and it has tendered more than appellant sought. People of the State of California v. San Pablo & T. R. R., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893); A. A. Allen Revivals, Inc. v. Campbell, 353 F.2d 89 (5th Cir. 1965).

The appellant contends that even in such a fact situation as is presented here, there is judicial discretion to decide the validity of an administrative regulation of continuing application, even though its application to the particular case has ceased. Gay Union Corp. v. Wallace, 71 App.D.C. 382, 112 F.2d 192, cert. denied, 310 U.S. 647, 60 S.Ct. 1098, 84 L.Ed. 1414 (1940); Dyer v. SEC, 266 F.2d 33 (8th Cir.), cert. denied, 361 U.S. 835, 80 S.Ct. 86, 4 L.Ed.2d 75 (1959).

The United States District Judge dismissed the case on grounds of mootness.

Under the facts as stated above, we believe that the only arguable grounds for avoidance of dismissal for mootness would be the probability of immediate repetition of the issue and the public importance of a final decision. Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911).

At oral hearing, however, the court was informed without dispute that litigation raising the identical issue was in progress in both the Sixth[2] and Tenth[3] Circuits where no mootness defense was available to the Commissioner.

The judgment of the District Court is affirmed without prejudice to the rights of the individual taxpayers to assert their claim of invalidity of the disputed regulation in relation to any taxes assessed against them. People of the State of California v. San Pablo & T. R. R., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893); A. A. Allen Revivals, Inc. v. Campbell, 353 F.2d 89 (5th Cir. 1965).

2. O'Neill v. United States, 281 F.Supp. 359 (N.D.Ohio, Feb. 21, 1968).

3. Empey v. United States, 272 F.Supp. 851 (D.Colo.1967), appeal docketed, No. 9814, 10th Cir., Dec. 18, 1967.