**In re Ann Marie MARKS, Debtor.**

**William A. JOHNSON, Plaintiff,**

v.

**Ann Marie MARKS, Defendant.**

**Bankruptcy No. 38101070.
Adv. No. 3850090.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 20, 1985.

*e.g., In re Sacramento Metropolitan Real Estate Investors,* 28 B.R. 228 (Bankr.E.D.Cal.1983).

William A. Johnson, Louisville, Ky., pro se.

Stuart Lyon, Louisville, Ky., J. Douglas Hubbard, Bardstown, Ky., for defendant.

Glenn Schilling, Louisville, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

A lawyer who loans money to his girl friend and then advises her to commit fraud by omitting his name as a creditor in her bankruptcy petition gets no sympathy from judges. Of that we are statistically certain, as the fourth court to consider the facts of this amorous alliance gone awry.

Practicing attorney William A. Johnson met Ann Marie Marks, then a student nurse, in 1980. They began dating and cultivated a relationship which was at least close enough for her to borrow, and him to lend, money from time to time. Over the course of a year the loans totaled at least $4,500.

Despite the loans, the totality of her financial pressures forced her into bankruptcy in 1981. She did so on the advice of Johnson, who also gratuitously instructed her *not* to list him as a creditor on the schedules accompanying her petition. (Failure to list all known creditors is a fraud on the court and grounds for denial of a discharge).

Marks' petition was routinely administered—absent any reference to Johnson—and her discharge was entered in February, 1982. Later that year Johnson sued her on the debt in state court, asserting that his debt was not discharged since he was not listed on the bankruptcy petition. He was abruptly dismissed by a trial court which was moved to remark, we think with commendable restraint, that: "Inasmuch as the plaintiff caused the fraud, which if carried out would permit him to be the only undischarged creditor, this court ought not participate or lend aid to him in the attempted accomplishment of his illegal and fraudulent transaction."[1]

On appeal, no error was found in the trial court's having raised the issue of fraud *sua sponte*, and the Kentucky Court of Appeals affirmed:

> Therefore, the trial court properly exercised its equity jurisdiction in dismissing appellant's complaint. Also, we would note that the trial court did not invade the jurisdiction of the bankruptcy court by declaring a debt discharged. It was merely exercising its equity jurisdiction in stating that courts will not aid in the enforcement of this debt, the debt still exists but is unenforceable.[2]

In due course the Kentucky Supreme Court denied a motion for discretionary reveiw,[3] following which Johnson turned for relief to the same bankruptcy court from which he had hidden himself, now to seek a determination that Marks' debt to him was nondischargeable. She promptly moved to dismiss. It is that motion we address with this opinion.

\* \* \* \* \* \*

It is a basic principle of jurisprudence that "the courts of the United States do not sit to decide questions of law presented in a

---

1. *Johnson v. Marks*, No. 82CI08950. (Jefferson Co., Ky.Cir.Ct., Sept. 26, 1983) (Unpubilished).

2. *Johnson v. Marks*, No. 83–CA–2585–MR. (Ky.Ct. of App. December 21, 1984) (Unpublished).

3. *Johnson v. Marks*, No. 85–SC–35–D (Ky. April 24, 1985) (Unpublished order).

vacuum, but only such questions as arise in a case or controversy."[4] One of the main theories underlying this principle is that no case or controversy exists once a matter has been rendered moot. A matter is moot when it presents no actual controversy or where a determination is sought which, when rendered, cannot have any practical effect on the existing controversy.[5]

The Courts of the Commonwealth of Kentucky have determined that the debtor's obligation to the plaintiff is unenforceable. In so ruling the courts did not in any way infringe upon our jurisdiction, but rather restated and applied traditional state law concepts of fraud, equity and abuse of the judicial process. The effect of their ruling is that the plaintiff is unable to seek redress regardless of what decision we might reach on the question of dischargeability. Therefore we hold that the plaintiff's nondischargeability complaint should be dismissed as moot. A final order to that effect will be entered today.

**4.** Wright, *Law of Federal Courts* § 12, p. 39–40 (3rd. ed. 1976).

**5.** *A.L. Mechling Barge Lines v. U.S.* 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961); *California v.* *San Pablo & T.R. Co.,* 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893). *See Also Black's Law Dictionary,* p. 909 (5th ed. 1979).