

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2004

# In Re: Armstrong

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1057

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re: Armstrong " (2004). *2004 Decisions*. Paper 486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1057

IN RE: ARMSTRONG WORLD INDUSTRIES, INC.,
Debtors

ARMSTRONG WORLD INDUSTRIES, INC.,
Appellant

_____

On Appeal from the United States
District Court for the District of Delaware
District Court Number: 00-04471
District Judge: Hon. Joseph J. Farnan, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2003

BEFORE: ALITO, McKEE, <u>Circuit Judges</u> & SCHWARZER <u>District Judge</u>[*]

(Filed July 20, 2004)

<u>OPINION</u>

McKee, Circuit Judge

Armstrong World Industries, Inc. ("AWI") appeals from the December 10, 2001

Memorandum Order ("December Order") of the United States District Court for the

_____

[*]Honorable William W Schwarzer, Senior District Judge, Northern District of
California sitting by designation.

District of Delaware, granting relief from the automatic stay set forth in 11 U.S.C. § 362. The December Order permitted the "Maertin Plaintiffs" to proceed with their action against AWI *outside* of the bankruptcy court process based upon the findings the court set forth in its December Order. This appeal eventually followed.

## I.

Inasmuch as we write only for the parties who are familiar with the factual background and procedural intricacies of this case, we will not reiterate the facts or procedural posture except as may be necessary to our brief discussion.

AWI raises three issues on appeal. It argues that the District Court erred in granting relief from the automatic stay by misapplying the applicable standard under § 362(d)(1) and concluding that AWI was solvent. Second, it argues that the court erred as a matter of law in granting relief from the automatic stay; and third, it argues that the court "abuse[d] its discretion or commit[ted] a plain error of law in making ostensible factual findings . . . without an evidentiary record . . . and without permitting the parties to make such a record []." Appellant's Br. at 5.

## II.

Although AWI's brief sets forth three separate issues on appeal, the arguments are, in reality, alternative statements of AWI's contention that the District Court erred in granting relief from the automatic stay.

After the District Court granted the plaintiffs' motion for relief from the automatic

2

stay, and following additional proceedings in Delaware and New Jersey, the parties entered into a stipulation before the Bankruptcy Court, and that court entered an order approving that stipulation on May 3, 2002 (the "Stipulation"). Pursuant to the terms of that Stipulation, the parties agreed that "The Maertin Plaintiffs may proceed with the Civil Action and pursue any rights that they may be permitted under applicable state and federal law in connection with that action, in state or federal court." App. I-A72. The Stipulation further provided that "notwithstanding [the aforementioned agreement], the automatic stay shall remain in effect with respect to, . . . any claims, judgment or settlement against AWI . . . other than with respect to the Insurance Policies or the Insurance Proceeds." *Id.* Thus, the Maertin Plaintiffs must first seek approval of the Bankruptcy Court before attempting to collect "any claims against AWI . . .. other than insurance policies."

AWI's challenge to the December Order is grounded on AWI's contention that the Maertin Plaintiffs should not be allowed to attempt to collect their prepetition, unsecured claims against AWI's estate *outside* of the bankruptcy process. The May 3 Stipulation resolves that issue. By agreeing that the plaintiffs may proceed against the insurance proceeds at issue with a reservation that they must seek approval of the Bankruptcy Court for any other relief, AWI's appeal is mostly mooted as the Maertin Plaintiffs quite correctly note in their brief. *See* Brief at 4-5. *See also Flast v. Cohen*, 392 U.S. 83, 95 (1968). *See California v. San Pablo & T.R. Co.*, 149 U.S. 308 (1893).

3

We can, for the most part, dispose of any remaining issues by noting that the District Court explained why relief from the automatic stay was appropriate as well as the findings of fact supporting that relief in its December Order. We can affirm substantially for the reasons set forth therein. AWI does not allege that the District Court applied the wrong standard, only that it misapplied the appropriate standard by finding "cause" to lift the stay under the three prong inquiry set forth in *Int'l Business Machines v. Fernstrom Storage and Van Co.*, 938 F.2d 731, 734-37 (7th Cir. 1991) without a proper evidentiary record. The Maertin Plaintiffs represent, without contradiction that "AWI acquiesced throughout the entire proceedings below to limit the record to legal argument[.]" Brief at 28. The Martin Plaintiffs therefore argue that AWI can not now complain about insufficient support for the equitable inquiry under *In re Wilson*, 116 F.3d 87, 89 (3d Cir. 1997), and similar cases cited in AWI's brief. *See* AWI's Brief at 16. We agree.

When the court afforded AWI an opportunity to present witnesses, the court was informed that the parties were working toward an agreement that would allow the Maertin Plaintiffs to collect the prepetition claims from AWI's insurance policies. *See* App. Vol II, A65-6, and A73. Accordingly, the court acquiesced and allowed additional time for the parties to enter into a stipulation that would satisfy the settlement agreement from those policies outside of the bankruptcy proceedings. We will not now allow AWI to hoist the Maertin Plaintiffs on the petards of the very settlement the parties negotiated to resolve the

4

issues raised in this appeal and before the Bankruptcy Court.[1]

## III.

Before concluding we need to briefly address one remaining issue. In its January 16, 2003 letter brief, AWI attempts to suggest that the Stipulation does not render its appeal moot because it does not address the appropriate standard of review "the Bankruptcy Court should apply" if the Maertin Plaintiffs apply for relief beyond the scope of the insurance policies. That "argument" appears, at best, disingenuous. No such issue was raised in AWI's brief to us, nor could it have been. To the extent that any such issue exists, it is best resolved by the Bankruptcy Court if, and when, the Maertin Plaintiffs apply for such relief. We can not, and will not, allow AWI to breathe life into this largely mooted appeal by raising that specter for the first time before us. *See In re Rickel Home Centers, Inc.*, 209 F.3d 291, 307 (3d Cir. 2000).

## IV.

Accordingly, for all the reasons set forth herein, we will affirm the December Order.

---

[1]Although AWI's appeal seeks to reverse the December Order, the Stipulation that AWI knowingly entered into with the Maertin Plaintiffs has precisely the same result insofar as the insurance policies are concerned. Plaintiffs are attempting to satisfy the settlement agreement from the proceeds of those policies and only those policies. Thus, AWI is inviting this court to void the Stipulation it willingly negotiated. That is an invitation we must enthusiastically decline.