Justice ALITO, dissenting.
I join THE CHIEF JUSTICE's dissent. I agree that a defendant may extinguish a plaintiff's personal stake in pursuing a claim by offering complete relief on the claim, even if the plaintiff spurns the offer. Our Article III precedents make clear that, for mootness purposes, there is nothing talismanic about the plaintiff's acceptance. E.g., Already, LLC v. Nike, Inc., 568 U.S. ----, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013) (holding that Nike's unilateral covenant not to sue mooted Already's trademark invalidity claim). I write separately to emphasize what I see as the linchpin for finding mootness in this case: There is no real dispute that Campbell would "make good on [its] promise" to pay Gomez the money it offered him if the case were dismissed. Ante, at 680 (opinion of ROBERTS, C.J.). Absent this fact, I would be compelled to find that the case is not moot.
Our "voluntary cessation" cases provide useful guidance. Those cases hold that, when a plaintiff seeks to enjoin a defendant's conduct, a defendant's "voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." Knox v. Service Employees, 567 U.S. ----, ---- - ----, 132 S.Ct. 2277, 2287, 183 L.Ed.2d 281 (2012). To obtain dismissal in such circumstances, the defendant must " 'bea [r] the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.' " Already, supra, at ----, 133 S.Ct., at 727 (quoting Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 190, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ). We have typically applied that rule in cases involving claims for prospective relief, see Knox, supra, at ----, 132 S.Ct., at 2287-2288, but the basic principle easily translates to cases, like this one, involving claims for damages: When a defendant offers a plaintiff complete relief on a damages claim, the case will be dismissed as moot if-but only if-it is "absolutely clear" that the plaintiff will be able to receive the offered relief. Already, supra, at ----, 133 S.Ct., at 729.[1]
Consider an offer of complete relief from a defendant that has no intention of actually paying the promised sums, or from a defendant whose finances are so shaky that it cannot produce the necessary funds. In both instances, there is a question whether the defendant will back up its offer to pay with an actual payment. If those cases were dismissed as moot, the defendant's failure to follow through on its promise to pay would leave the plaintiff *684 forever emptyhanded. In the language of our mootness cases, those cases would not be moot because a court could still grant the plaintiff "effectual relief," Knox, supra, at ----, 132 S.Ct., at 2287 (internal quotation marks omitted)-namely, the relief sought in the first place. The plaintiff retains a "personal stake" in continuing the litigation. Genesis Healthcare Corp. v. Symczyk, 569 U.S. ----, ----, 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013) (internal quotation marks omitted). An offer of complete relief thus will not always warrant dismissal.
Campbell urges that a plaintiff could simply move to reopen a dismissed case if a defendant fails to make good on its offer. Reply Brief 10. I assume that is true. But the prospect of having to reopen litigation is precisely why our voluntary cessation cases require defendants to prove, before dismissal, that the plaintiff's injury cannot reasonably be expected to recur. I see no reason not to impose a similar burden when a defendant asserts that it has rendered a damages claim moot.
How, then, can a defendant make "absolutely clear" that it will pay the relief it has offered? The most straightforward way is simply to pay over the money. The defendant might hand the plaintiff a certified check or deposit the requisite funds in a bank account in the plaintiff's name. See California v. San Pablo & Tulare R. Co., 149 U.S. 308, 313-314, 13 S.Ct. 876, 37 L.Ed. 747 (1893). Alternatively, a defendant might deposit the money with the district court (or another trusted intermediary) on the condition that the money be released to the plaintiff when the court dismisses the case as moot. See Fed. Rule Civ. Proc. 67 ; 28 U.S.C. §§ 2041, 2042. In these situations, there will rarely be any serious doubt that the plaintiff can obtain the offered money.[2]
While outright payment is the surest way for a defendant to make the requisite mootness showing, I would not foreclose other means of doing so. The question is whether it is certain the defendant will pay, not whether the defendant has already paid. I believe Campbell clears the mark in this case. As THE CHIEF JUSTICE observes, there is no dispute Campbell has the means to pay the few thousand dollars it offered Gomez, and there is no basis "to argue that Campbell might not make good on that promise" if the case were dismissed. Ante, at 680. Thus, in the circumstances of this case, Campbell's offer of complete relief should have rendered Gomez's damages claim moot. But the same would not necessarily be true for other defendants, particularly those that face more substantial claims, possess less secure finances, or extend offers of questionable sincerity. Cf. Already, 568 U.S., at ---- - ----, 133 S.Ct., at 734 (KENNEDY, J., concurring) (emphasizing the "formidable burden on the party asserting *685 mootness" and noting possible "doubts that Nike's showing [of mootness] would suffice in other circumstances").
The Court does not dispute Campbell's ability or willingness to pay, but nonetheless concludes that its unaccepted offer did not moot Gomez's claim. While I disagree with that result on these facts, I am heartened that the Court appears to endorse the proposition that a plaintiff's claim is moot once he has "received full redress" from the defendant for the injuries he has asserted. Ante, at 671, n. 5 (discussing Already, supra, and Alvarez v. Smith, 558 U.S. 87, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009) ). Today's decision thus does not prevent a defendant who actually pays complete relief-either directly to the plaintiff or to a trusted intermediary-from seeking dismissal on mootness grounds.[3]

Nevertheless, the common law strongly encouraged a plaintiff to accept a tender by penalizing plaintiffs who improperly rejected them. A plaintiff would not be able to recover any damages that accrued after the tender, nor could he receive the costs of the suit if the jury returned a verdict for either the amount offered or less. See Hunt §§ 363-364, at 403-404. This rule remains today. See Fed. Rule Civ. Proc. 68(d) (taxing costs to plaintiff who fails to recover more than the offer of judgment).

The Court does not reach the question whether Gomez's claim for class relief prevents this case from becoming moot. The majority nevertheless suggests that Campbell "sought to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid Gomez declined to accept." Ante, at 672. But under this Court's precedents Gomez does not have standing to seek relief based solely on the alleged injuries of others, and Gomez's interest in sharing attorney's fees among class members or in obtaining a class incentive award does not create Article III standing. See Lewis v. Continental Bank Corp., 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (An "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."); Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Obviously, however, a plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit. The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.").

The majority suggests that this case is analogous to U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), where the Court declined to vacate a lower court decision that became moot on certiorari when the parties voluntarily settled the case. Bancorp is inapposite-it involves the equitable powers of the courts to vacate judgments in moot cases, not the Article III question whether a case is moot in the first place. The premise of Bancorp is that it is up to the federal courts-and not the parties-to decide what to do once a case becomes moot. The majority's position, in contrast, would leave it to the plaintiff to decide whether a case is moot.

To further support its Article III-by-contract theory of the case, the Court looks to Federal Rule of Civil Procedure 68, which states that an unaccepted offer of judgment "is considered withdrawn." Rule 68(b). But Campbell made Gomez both a Rule 68 offer and a freestanding settlement offer. By its terms, Rule 68 does not apply to the latter. The majority's only argument with respect to the freestanding settlement offer is that under the rules of contract law, an unaccepted offer is a "legal ity." Ante, at 670. As explained, however, under the principles of Article III, an unaccepted offer of complete relief moots a case.
Justice THOMAS, concurring in the judgment, would decide the case based on whether there was a formal tender under the common law. This suffers from the same flaw as the majority opinion. The question is not whether the requirements of the common law of tender have been met, but whether there is a case or controversy for purposes of Article III. The Supreme Court cases we have discussed make clear that the two questions are not the same. To cite just one example, Justice THOMAS argues that a tender under the common law must include an admission of liability. Ante, at 674 -675. Our precedents, however, plainly establish that an admission of liability is not required for a case to be moot under Article III. See supra, at 669 - 670. We are not at liberty to proceed as if those Article III precedents do not exist.
* * *